**Freddie Eugene CASEY,
Plaintiff-Appellant,**

v.

**Jack S. HURLEY; Michael L. Dennis, Commonwealth Attorney; Dennis H. Lee, Commonwealth Attorney; Harold W. Clarke, Director Virginia Department of Corrections, Defendants-Appellees.**

No. 16-6927

United States Court of Appeals, Fourth Circuit.

Submitted: November 22, 2016

Decided: December 9, 2016

Freddie Eugene Casey, Appellant Pro Se.

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Eugene Casey, a Virginia prisoner serving a life sentence for murder, appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (2012) action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) (2012). We affirm.

Casey claimed that his due process rights were violated because a Virginia state court denied his postconviction motions, made pursuant to Va. Code Ann. § 19.2–327.1 (2015), for DNA testing of certain evidentiary items. According to Casey, he has a due process right to have DNA testing of evidence because the results may show he is actually innocent of the murder. This claim is without merit.

We review de novo a district court's dismissal under § 1915A(b)(1), applying the same standards as those for reviewing a Fed. R. Civ. P. 12(b)(6) dismissal. De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation marks omitted).

First, there is no substantive due process right to the postconviction preservation and testing of DNA evidence. Dist. Att'y's Office for the Third Judicial Dist. v.

Osborne, 557 U.S. 52, 72, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009); see also Skinner v. Switzer, 562 U.S. 521, 525, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). Second, with respect to the claimed violation of procedural due process, we note that Casey did not claim that § 19.2–327.1 is itself invalid or that the state court construed the statute in such a way as to deny him procedural due process. Rather, at best, he appeared to claim that, after the state court denied his requests for DNA testing, the district court had the authority to order that evidence be preserved and DNA tests be performed. As noted, Casey has no substantive due process right to the relief he seeks. To the extent Casey seeks review of the state court's adverse decisions, the district court lacked jurisdiction to conduct such a review under the Rooker-Feldman doctrine.* See Skinner, 562 U.S. at 531–32, 131 S.Ct. 1289; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal issues are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* D.C. Ct. of App. v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).